IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 11 C 8254 |
| | ) | |
| MARY CAIRO. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Mary Cairo's (Cairo) *pro se* motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Section 2255). For the reasons stated below, the Section 2255 motion is dismissed.

## BACKGROUND

On January 12, 2010, Cairo pled guilty in case number 07 CR 480 to Count One of the Superceding Indictment, which charged Cairo with Bank Robbery in violation of 18 U.S.C. § 2113(a). On May 18, 2010, the court sentenced Cairo to 63 months of imprisonment. Cairo now moves to have her sentence vacated pursuant to Section 2255.

## LEGAL STANDARD

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. The relief sought in a Section 2255 motion "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *Id.*

## DISCUSSION

Cairo argues that she was denied effective assistance of counsel by her trial counsel, contending: (1) that she entered into a plea agreement unknowingly or without sufficient understanding due to the influence of the medications she was using to treat her severe depression, (2) that her attorney coerced her to enter into the

plea agreement instead of moving to dismiss the charges against her despite his knowledge regarding her mental health issues and the medication she was using to treat her mental health issues, (3) that her attorney did not review the pre-sentence investigation report (PSR) with her or raise any objections to the report even though it contained incorrect information and did not adequately address her mental illness, and (4) that her attorney failed to adequately present a defense on her behalf based upon her diminished mental capacity. This court has liberally construed Cairo's *pro se* filing. *See Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*").

I. Validity of Plea Agreement

Cairo contends that, due to ineffective assistance of counsel, she entered into a plea agreement unknowingly and involuntarily. To show ineffective assistance of counsel, a petitioner must establish that: "(1) h[er] attorney's performance fell below an objective standard of reasonableness, and (2) [s]he suffered prejudice as a result." *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984))(stating that a "movant must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance'" and that "[h]e must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance; we then determine whether such acts or omissions fall outside the wide range of professionally competent assistance")(quoting in part *Strickland*, 466 U.S. at 689).

### A. Whether Cairo Knowingly Entered Into the Plea Agreement

Cairo contends that she entered into a plea agreement unknowingly or without sufficient understanding due to the influence of the medications she was using to treat her severe depression. At the January 12, 2010 change of plea hearing, Cairo indicated to the court that she was taking Xanax, which had been prescribed to her to treat her depression and anxiety. (Pl. Trans. pg. 8, lns. 2-7). Cairo also indicated that even though she had taken Xanax within 24 hours of the change of plea hearing, she understood why she was before the court. (Pl. Trans. pg. 8, ln. 8-pg. 9, ln 4). After speaking with Cairo regarding her medication and after questioning Cairo's attorney regarding her competency to plead guilty, the court found Cairo competent to enter a guilty plea. (Pl. Trans. pg. 9, lns. 8-9).

In addition, at the January 12, 2010 change of plea hearing, the court explained all of the rights that Cairo was giving up by entering a guilty plea, and Cairo indicated that she understood those rights. (Pl. Trans. pg 10, ln. 3-pg. 12, ln.

25). The court also explained to Cairo the consequences of entering a guilty plea pursuant to the plea agreement, including an agreed term of imprisonment Cairo was potentially facing pursuant to a Criminal Rule of Civil Procedure Section 11(c)(1)(C) agreement, and Cairo indicated she understood those consequences. (Pl. Trans. pg. 15, ln. 22-pg. 17, ln. 24). Thus, the record contradicts Cairo's claim that, due to her mental illness and the medications she was taking to treat her mental illness, she did not knowingly enter into the plea agreement.

B.  Whether Cairo Voluntarily Entered into the Plea Agreement

Cairo contends that her attorney coerced her to enter into the plea agreement instead of moving to dismiss the charges against her, despite his knowledge regarding her mental health issues and the medication she was using to treat her mental health issues. At the January 12, 2010 change of plea hearing, when questioned by the court whether Cairo had sufficient time to discuss her case with her attorney, Cairo responded in the affirmative. (Pl. Trans. pg. 9, lns. 19-21). When further questioned whether Cairo was satisfied with her attorney, Cairo once again answered in the affirmative. (Pl. Trans. pg. 9, lns. 22-23). Cairo also indicated that no one had pressured her to enter into the plea agreement and that she had entered into the plea agreement voluntarily. (Pl. Trans. pg. 14, lns. 15-22); (Pl. Trans. pg. 21,

ln. 23-pg. 22, ln. 12). The above facts contradict Cairo's claim that she was coerced by her attorney to enter into the plea agreement. Further, to the extent Cairo believes her attorney should have moved to dismiss the charges against her based on her mental illness, the facts of this case do not indicate that had her attorney made such a motion, the outcome of Cairo's case would have been different. In fact, as discussed below, the facts of this case suggest that had Cairo not entered into the plea agreement, the outcome of her case would have been significantly worse for Cairo.

II. PSR Objections

Cairo contends that her attorney was ineffective for failing to review the PSR with her and for failing to make objections to the PSR. At the May 18, 2010 sentencing hearing, both Cairo's attorney and Cairo herself indicated that they had read the PSR, and Cairo's counsel also indicated that he had reviewed the PSR with Cairo. (Sent. Trans. pg. 2, lns. 6-11); (Sent. Trans. pg. 2, lns. 18-20). In addition, the record shows that not only was Cairo's attorney given an opportunity to make objections or corrections to the PSR, but that Cairo herself was given the opportunity to make objections or corrections to the PSR and Cairo indicated that she had no objections or corrections to the PSR. (Sent. Trans. pg. 2, lns. 12-17); (Sent. Trans. pg. 2, lns. 21-23). Such facts contradict Cairo's claims that her attorney was

ineffective because he allegedly did not review the PSR with her or make objections to the PSR when he should have.

III. Defense Based on Diminished Mental Capacity

Cairo contends that her attorney was ineffective for failing to adequately present a defense on her behalf based upon her diminished mental capacity. The record shows that before Cairo pled guilty, her attorney filed pre-trial motions and memorandum relating to the introduction of evidence regarding Cairo's diminished mental capacity. In addition, at the sentencing hearing, Cairo's attorney presented arguments regarding Cairo's mental health problems, and the record is clear that the court carefully considered Cairo's diminished mental capacity both before accepting the plea agreement between the parties and also for sentencing purposes.

The plea agreement between the parties was governed by Federal Rule of Criminal Procedure 11(c)(1)(C) and provided that "the parties agreed that the sentence imposed by the court shall include a term of imprisonment . . . within the applicable advisory Guidelines range." (Pl. Agmt. 7). The Government indicated to the court that if the plea agreement was not accepted, the Government would pursue the additional charge brought against Cairo pursuant to 18 U.S.C. § 924(c)(1)(A). (Sent. Tr. pg. 7, lns. 14-24). Had Cairo been found guilty of violating 18 U.S.C. §

7

924(c)(1)(A), Cairo would have been facing a mandatory minimum sentence of seven years imprisonment pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) because Cairo brandished a semi-automatic weapon during the commission of the bank robbery. The mandatory minimum sentence imposed for violating 18 U.S.C. § 924(c)(1)(A) would have run consecutive to any sentence imposed for the bank robbery. Thus, the record is clear that the Cairo's attorney negotiated with the Government a plea agreement based on Cairo's diminished mental capacity and that the Government offered Cairo a significant concession when it agreed to drop the charge brought against her pursuant to 18 U.S.C. § 924(c)(1)(A) in exchange for her guilty plea. The record is also clear that the Government made this concession based upon Cairo's mental health problems. (Sent. Tr. pg. 5, ln. 9-pg. 7, ln. 13). Further, the record is clear that the court fully considered Cairo's background and mental health problems, not only before accepting the plea agreement, but when imposing the sentence. (Sent. Tr. pg. 13, ln. 2-pg. 14, ln. 23); (Sent. Tr. pg. 19, ln. 2-pg. 20, ln. 18). Such facts contradict Cairo's claim that her attorney failed to adequately present a defense on her behalf based upon her diminished mental capacity.

    Based on the above, Cairo is clearly not entitled to relief in regard to her Section 2255 motion. The court therefore dismisses the motion and directs the Clerk of Court to notify Cairo of this dismissal. The court notes that the filing of the

Section 2255 motion required no fee, and therefore Cairo's motion for leave to proceed *in forma pauperis* is stricken.

## CONCLUSION

Based on the foregoing analysis, the Section 2255 motion is dismissed and the Clerk of Court is directed to notify Cairo of this dismissal. In addition, Cairo's motion for leave to proceed *in forma pauperis* is stricken.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 19, 2012